UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. DAVIS,

    Petitioner,

v.                                                            Case No. 8:06-cv-1930-T-24MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## **ORDER**

THIS CAUSE was initiated upon the filing of a Petition for Writ of Habeas Corpus. The heading reads:

> IN THE CIRCUIT COURT OF THIRTEENTH JUDICIAL CIRCUIT
> OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

To the extent that Petitioner's intention was to file the present petition as a 28 U.S.C. § 2254 petition for writ of habeas corpus, the Court finds that the petition must be **dismissed** as **time-barred.**

Petitioner claims that, in Hillsborough County, Florida case 02-11254, he pled guilty to attempted second degree murder and was sentenced, on July 21, 2003, to seventy-two months incarceration as a youthful offender pursuant to Florida Statute 958.04. Petitioner claims that because he was classified as a youthful offender, he should have been sentenced only to four years incarceration. Petitioner alleges that he filed a rule 3.800 motion in the state trial court, but that the motion was denied.

The electronic database for the Florida Second District Court of Appeal demonstrates that Petitioner filed a Notice of Appeal in this case on August 30, 2004. The database does not show that he filed any other motions or appeals related to his conviction or sentence after that date. The state district court of appeal affirmed the conviction and sentence December 8, 2004. Davis v. State, 892 So. 2d 483 (Fla. 2d DCA 2004)(table).

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Pursuant to Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), Petitioner Davis' conviction was final on direct appeal 90 days after December 8, 2004, when the period for filing a petition for writ of certiorari in the United States Supreme Court expired. That date was March 8, 2005. Therefore, the one-year limitation period began to run on March 9, 2005, and Davis had until March 9, 2006, to file a timely federal habeas

corpus petition or a state collateral proceeding that would toll the running of the one-year period. Nothing in the record shows that he did either. He signed the present untimely petition on September 6, 2006. Therefore, to the extent that Petitioner meant to file the present petition as a federal petition for writ of habeas corpus, the petition is time-barred.

Nothing in the record demonstrates that Petitioner is entitled to equitable tolling.

Accordingly, the Court orders:

1. That Petitioner's petition for writ of habeas corpus, construed as a federal petition pursuant to 28 U.S.C. § 2254 is dismissed, as time-barred. The Clerk is directed to enter judgment against Petitioner and to close this case.

2. That, within 30 days of the date of this order, the Court will consider a motion to reopen the case if Petitioner can show, by record evidence, that the Petition is not time-barred.

ORDERED at Tampa, Florida, on October 24, 2006.

SUSAN C. BUCKLEW
United States District Judge

Richard A. Davis